IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOBBY SELEGRATH,<br>FAITH SELEGRATH,<br>BOBBY SELEGRATH, JR.,<br>as Individuals,<br><br>    Plaintiffs,<br><br>vs.<br><br>MA & PA TRUCKING, LLC, and<br>SY FRANCIS KOPPEN,<br><br>    Defendants, | CASE NO. 8:19-cv-37<br><br><br><br>**COMPLAINT** |

Plaintiffs Bobby Selegrath, Faith Selegrath and Bobby Selegrath, Jr. allege as follows:

### PARTIES

1. Bobby Selegrath was at all times relevant herein a United States citizen and in the process of moving from California to Indiana to establish residency in Noblesville, Hamilton County, Indiana.

2. Faith Selegrath was at all times relevant herein a United States citizen and in the process of moving from California to Indiana to establish residency in Noblesville, Hamilton County, Indiana.

3. Bobby Selegrath, Jr. was at all times relevant herein a United States citizen and in the process of moving from California to Indiana to establish residency in Noblesville, Hamilton County, Indiana.

4. Defendant Ma & Pa Trucking, L.L.C. is a limited liability company organized under and by virtue of the laws of the State of Iowa, with its principal place of business in Decatur, Iowa.

5. At all times relevant herein, the Defendant Ma & Pa Trucking, L.L.C. operated and owned commercial vehicles engaged in interstate commerce.

6. Defendant Sy Francis Koppen is and was at all times hereto an employee or agent of Ma & Pa Trucking, L.L.C. and is an Iowa resident.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 (a) (1). The matter in controversy exceeds the sum of seventy five thousand dollars ($75,000) exclusive of interests and costs, and is between citizens of different states.

8. Venue is proper in the District of Nebraska, pursuant to 28 U.S.C. § 1391 (b) (2) as a substantial part of the events or omissions giving rise to the claim occurred within the District.

## NEBRASKA'S SAFETY RULES OF THE ROAD

9. Neb. Rev. Stat. §60-6,140 was in effect when the crash happened. It says: The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, and such driver shall have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway.

10. Neb. Rev. Stat. §60-6,212 was in effect when the crash happened. It says: Any person who drives any motor vehicle in this state carelessly or without due caution so as to endanger a person or property shall be guilty of careless driving.

## FEDERAL MOTOR CARRIER SAFETY REGULATIONS

11. Federal Motor Carrier Safety Regulation Section 392.2   Applicable Operating Rules was in effect at the time of the crash. It says:

    Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

12. Federal Motor Carrier Safety Regulation Section 392.1  Scope of the Rules in this part was in effect at the time of the crash. It says:

    Every motor carrier, its officers, agents, representatives, and employees responsible for…operation, or driving of commercial motor vehicles…shall be instructed in and comply with the rules in this part.

13. Federal Motor Carrier Safety Regulation Part 383  Commercial Driver's License

Standards; Requirements and Penalties was in effect at the time of the crash. It says:

383.1 <u>Purpose and Scope</u>:

(a) The purpose of this part is to help reduce or prevent truck and bus accidents, fatalities, and injuries, by requiring drivers to have a single commercial motor vehicle driver's license and by disqualifying drivers who operate commercial motor vehicles in an unsafe manner.

Section 383.110 <u>General Requirement</u>:

All drivers of CMVs (commercial motor vehicles) must have knowledge and skills necessary to operate a CMV safely as contained in this subpart.

Section 383.111 <u>Required Knowledge</u>:

(a) All CMV operators must have knowledge of the following general areas:

(9) Speed Management. The importance of understanding the effects of speed, including:

(i) Speed and stopping distance;

(ii) Speed and surface conditions;

(iii) Speed and the shape of the road;

(iv) Speed and visibility; and

(v) Speed and traffic flow.

(10) Space Management. The procedures and techniques for controlling the space around the vehicle, including:

(i) The importance of space management;

(ii) Space cushions, e.g., controlling space ahead/to the rear;

(iii) Space to the sides; and

(iv) Space for traffic gaps.

Section 383.113 <u>Required Skills</u>:

(c) Safe on-road driving skills. All applicants for a CDL must possess and demonstrate the following safe on-road driving skills for their vehicle class:

    (1) Ability to use proper visual search methods;

    (3) Ability to adjust speed to the configuration and condition of the roadway, weather and visibility conditions, traffic conditions, and motor vehicle, cargo and driver conditions;

    (6) Ability to maintain a safe following distance depending on the condition of the road, visibility, and vehicle weight.

## THE CRASH

14. A Volvo semi tractor and trailer owned by Ma & Pa Trucking, L.L.C. is traveling east on Interstate 80 approximately 5 miles east of Grand Island, Hamilton County, Nebraska, on September 12, 2018.

15. The Volvo owned by Ma & Pa Trucking, L.L.C. is operated by Sy Francis Koppen in the course and scope of his employment or agency with Ma & Pa Trucking, L.L.C.

16. It is just after 1:00 p.m. and that section of Interstate is congested with slowing and stopped traffic in response to construction ahead.

17. Mr. Koppen does not adjust his speed.

18. Mr. Koppen drives the Volvo semi-tractor trailer into stopped traffic.

19. The Volvo semi-tractor trailer slams into the back of a U-Haul trailer being pulled by a silver Dodge quad-cab pickup truck.

20. The impact causes the U-Haul trailer to explode with the trailer's contents, as the Volvo semi-tractor trailer drives over it and crashes into the rear of the silver Dodge quad-cab pickup truck before careening off onto the side of the road, where it comes to rest.

21. The silver Dodge pickup is operated by Bobby Selegrath, plaintiff herein.

22. The front seat passenger in the pickup is Bobby Selegrath's wife, Faith Selegrath, plaintiff herein.

23. The back seat passenger in the pickup is plaintiff, Bobby Selegrath, Jr., age 20, son of Bobby and Faith Selegrath.

24. The force of impact pushes the silver Dodge pickup truck into the rear of a white Toyota Camry driven by Bernard Kimminau.

25. The Camry driven by Kimminau is forced into the rear of a white GMC Terrain driven by Laura Antonic.

26. The Terrain driven by Antonic is forced into the rear of a silver Ford pickup driven by Jason Harris.

27. Ma & Pa Trucking, L.L.C. and Sy Francis Koppen caused the crash, and the harms and losses described below, by negligently choosing to ignore several Nebraska and Federal Safety Rules of the Road:

    a. Ma & Pa Trucking, L.L.C. put the public in danger when they hired a driver with a history of dangerous driving.

    b. Ma & Pa Trucking, L.L.C. put the safety of the public safety in danger when they allowed a driver with a history of dangerous driving behind the wheel of their truck.

    c. Ma & Pa Trucking, L.L.C. put the safety of the public in danger when they allowed an unqualified driver behind the wheel of their truck.

    d. Ma & Pa Trucking, L.L.C. put the safety of the public in danger when they did not ensure that their driver followed the safety rules required by state and federal law.

    e. Ma & Pa Trucking, L.L.C. put the safety of the public in danger when they chose not to properly train their driver.

    f. Ma & Pa Trucking, L.L.C. put the safety of the public in danger when they chose not to properly supervise their driver.

    g. Sy Francis Koppen put the safety of the public in danger when he chose to drive the Ma & Pa Trucking, L.L.C. Volvo semi-tractor and trailer

without regard for other vehicles and traffic upon the roadway in violation of Neb. Rev. Stat. §60-6,140.

h. Sy Francis Koppen put the safety of the public in danger when he chose to drive the Ma & Pa Trucking, L.L.C. Volvo semi-tractor carelessly without due caution in violation of Neb. Rev. Stat. §60-6,212.

## CAUSE

28. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiffs suffered injuries and other monetary losses.

## HARMS AND LOSSES
## BOBBY SELEGRATH

29. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath suffered injuries to his spine and right shoulder, and multiple abrasions and contusions about the body and extremities.

30. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath suffered worsening symptoms of depression and PTSD.

31. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath has experienced physical pain, emotional suffering, anxiety, worry, stress, embarrassment, humiliation and loss of enjoyment of life.

32. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath has required medical treatment, medications and therapies, resulting in medical expenses, unknown to-date.

33. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath has experienced lost wages and a loss of earning power.

34. Plaintiff, Bobby Selegrath's injuries caused by the collision of September 12, 2018, are permanent.

35. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, is likely to experience physical pain, emotional suffering, anxiety, worry, stress, embarrassment, humiliation and loss of enjoyment of life in the future.

36. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff

Bobby Selegrath is likely to require medical treatment, medications and therapies, resulting in medical expenses in the future.

37. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, will suffer future lost wages and an impairment of his earning capacity.

38. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, lost personal property and possessions, to include his pet dog, in a monetary value to be determined.

### FAITH SELEGRATH

39. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Faith Selegrath suffered injuries to include, but are not limited to: multiple rib fractures, pneumothorax, cervical and lumbar spinal fractures, fracture of the sacrum with right foot drop and decreased sensation/numbness from buttocks to foot, knee pain, urinary retention, and multiple lacerations and abrasions about the body and extremities.

40. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Faith Selegrath suffered worsening symptoms of depression and anxiety.

41. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Faith Selegrath has experienced physical pain, emotional suffering, anxiety, worry, stress, embarrassment, humiliation and loss of enjoyment of life.

42. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Faith Selegrath has required medical treatment, medications and therapies, resulting in medical expenses known to-date in the amount of $235,402.65.

43. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Faith Selegrath has experienced lost wages and a loss of earning power.

44. Plaintiff, Faith Selegrath's injuries caused by the collision of September 12, 2018, are permanent.

45. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Faith Selegrath, is likely to experience physical pain, emotional suffering, anxiety, worry, stress, embarrassment, humiliation and loss of enjoyment of life in the future.

46. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Faith Selegrath is likely to require medical treatment, medications and therapies, resulting in

medical expenses in the future.

47. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Faith Selegrath, will suffer future lost wages and an impairment of her earning capacity.

### BOBBY SELEGRATH, JR.

48. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, Jr. suffered injuries to include, but are not limited to: neck pain, multiple bilateral rib fractures, pneumothorax, multiple thoracic and lumbar spinal fractures, and multiple lacerations and abrasions about the body and extremities.

49. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, Jr. suffered worsening symptoms of depression and anxiety.

50. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, Jr. has experienced physical pain, emotional suffering, anxiety, worry, stress, embarrassment, humiliation and loss of enjoyment of life.

51. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, Jr. has required medical treatment, medications and therapies, resulting in medical expenses known to-date totaling $223,573.27.

52. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, Jr. has experienced lost wages and a loss of earning power.

53. Plaintiff, Bobby Selegrath, Jr.'s injuries caused by the collision of September 12, 2018, are permanent.

54. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, Jr. is likely to experience physical pain, emotional suffering, anxiety, worry, stress, embarrassment, humiliation and loss of enjoyment of life in the future.

55. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, Jr. is likely to require medical treatment, medications and therapies, resulting in medical expenses in the future.

56. As a legal result of the motor vehicle collision of September 12, 2018, Plaintiff Bobby Selegrath, Jr. will suffer future lost wages and an impairment of his earning capacity.

## DEMAND FOR JURY TRIAL

Plaintiffs request that all issues triable by jury be so tried in this case.

## PLACE OF TRIAL

Plaintiff requests that Omaha, Nebraska be designated as the place of trial.

WHEREFORE, Plaintiffs demand judgment against Defendants herein for all of their damages, costs and interest as allowed by law and for such other relief as the Court deems just and proper.

Dated this 25th day of January, 2019.

BOBBY SELEGRATH, FAITH SELEGRATH AND
BOBBY SELEGRATH, JR., Plaintiffs

By: _____
Matthew G. Miller, #19092
Matthew G. Miller, P.C., L.L.O.
9290 W. Dodge Rd., Ste. 100
Omaha, Nebraska 68114
Phone: (402) 558-4900
Facsimile: (402) 558-4906
matt@mgmillerlaw.com
ATTORNEY FOR PLAINTIFF